UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, JR., | Case No. 2:24-cv-3001-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| CDCR CSP SAC, *et al.*, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against Jeff Lynch and R. Jackson, the warden and assistant warden of CSP-Sacramento, and Jerome Willis, a correctional officer at Kern Valley State Prison, alleging that they violated an array of his constitutional rights. ECF No. 1. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

### Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff brings three claims against the defendants. ECF No. 1 at 3-5. First, he alleges that the defendants violated his First, Eighth, Eleventh, and Fourteenth Amendment rights by allowing prison employees to: tamper with his legal mail, write false disciplinary reports, withhold and steal his personal property and reimbursements, keep him from being close to his family, and place chemicals and sedatives in his food. *Id.* at 3. He alleges that the chemicals were placed in his food in "retaliation," though he does not explain the circumstances leading to the retaliation. *Id.*

Next, plaintiff alleges that Willis "used" the prison to poison his religious meals and have prison gangs attempt to kill him. *Id.* at 4. In his final claim, plaintiff alleges that Willis stole $300 and sentimental items worth approximately $3,900 from him. *Id.* at 5. He also alleges that unidentified individuals stole another package from him and poisoned his canteen food, and that Lynch knew about these issues. *Id.*

Plaintiff's allegations fail to state a claim. As to his first claim, plaintiff alleges that the defendants allowed others in the prison to mistreat him, which is insufficient to state a claim, as there is no *respondeat superior* liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a supervisory defendant is liable only for the misconduct of his or her subordinates if he or she participated in or directed that misconduct, or if he or she knew of the violations and failed to act to prevent them. *Id.* Simply alleging that defendants "allowed" the mistreatment to happen is insufficient to state a claim. *See Sullivan v. Biter*, No. 1:15-cv-243-DAD-SAB, 2017 WL 1540256, *1 (E.D. Cal. Apr. 28, 2017) ("Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983.").

Plaintiff's second claim against Willis also fails to state a claim. Plaintiff simply alleges that Willis "used" the prison to harm him. ECF No. 1 at 4. This vague and conclusory allegation of participation in wrongdoing is insufficient to state a claim. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

Plaintiff's final claim similarly fails to state a claim. Plaintiff's claim that Willis stole money and sentimental items from him is too conclusory. *See id.* Additionally, plaintiff's bare assertion that Lynch knew that unnamed individuals poisoned his food and stole a package from him is insufficient to hold Lynch liable for the alleged wrongdoing. *See Taylor*, 880 F.2d at 1045.

Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. Plaintiff should take care to add specific factual allegations against each defendant. If plaintiff

1  decides to file an amended complaint, the amended complaint will supersede the current one. *See*
2  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the
3  amended complaint will need to be complete on its face without reference to the prior pleading.
4  *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer
5  serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to
6  assert each claim and allege each defendant's involvement in sufficient detail. The amended
7  complaint should be titled "First Amended Complaint" and refer to the appropriate case number.
8  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

9      Accordingly, it is hereby ORDERED that:

10      1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

11      2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

12      3. Within thirty days from service of this order, plaintiff shall file either (1) an amended
13  complaint or (2) notice of voluntary dismissal of this action without prejudice.

14      4. Failure to timely file either an amended complaint or notice of voluntary dismissal may
15  result in the imposition of sanctions, including a recommendation that this action be dismissed
16  with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

17      5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   February 28, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4